**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

ANDREW BARR, on behalf of himself and all others similarly situated,

Plaintiff,

v.

STEPHEN K. BANNON, BORIS EPSHTEYN, SARAH ABDUL a/k/a Sarah Abdul Razzaq a/k/a Sarah Abdulrazzi a/k/a Sarah Abdul Williams a/k/a Sarah Abdul Elliott, LET'S GO BRANDON COIN LLC, PATRIOT PAY LLC, WARROOM LLC, 354 NOD HILL LLC, and TWINDS LLC,

Defendants.

Case No. 1:26-cv-00452-ACR

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ANDREW BARR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS


PRELIMINARY STATEMENT ..................... 1

STATEMENT OF FACTS ..................... 2

ARGUMENT ..................... 4

I. BARR SHOULD BE APPOINTED LEAD PLAINTIFF ..................... 4

A. Barr Has Timely Moved for Appointment as Lead Plaintiff ..................... 4

B. Barr Has the Largest Financial Interest in the Relief Sought by the Class ..................... 5

C. Barr Otherwise Satisfies the Requirements of Rule 23 ..................... 6

1. Barr's Claims Are Typical of the Claims of the Class ..................... 6

2. Barr Will Fairly and Adequately Represent the Class ..................... 7

D. Barr's Status as Most Adequate Plaintiff Is Unrebutted ..................... 8

II. THE COURT SHOULD APPROVE BARR'S SELECTION OF DYNAMIS LLP AS LEAD COUNSEL ..................... 8

CONCLUSION ..................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261 (D.D.C. 2005) .................................... 2, 7

* *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13 (D.D.C. 2006) ....... 5, 6, 7, 8

*Plumbers Loc. # 200 Pension Fund v. Washington Post Co.*, 274 F.R.D. 33 (D.D.C. 2011) ............................................................................................................................6

*Reese v. Bahash*, 248 F.R.D. 58 (D.D.C. 2008) ..................................................................10

* *Shenk v. Mallinckrodt PLC*, 300 F. Supp. 3d 279 (D.D.C. 2018) ...............................6, 7, 10

*Small v. Vanda Pharms. Inc.*, 10 F. Supp. 3d 6 (D.D.C. 2013) ........................................ 6, 8

## Statutes

15 U.S.C. § 78u-4(a)(3).........................................................................................................1

15 U.S.C. § 78u-4(a)(3)(A) ...............................................................................................3, 4, 5

* 15 U.S.C. § 78u-4(a)(3)(B)...........................................................................................*passim*

## Rules

Fed. R. Civ. P. 6(a)(1)(C) ......................................................................................................5

* Fed. R. Civ. P. 23 ...................................................................................................*passim*

Fed. R. Civ. P. 23(a)(3) ..........................................................................................................7

Fed. R. Civ. P. 23(a)(4) ..........................................................................................................7

Pursuant to Local Civil Rule 7(a), an asterisk in the margin denotes those authorities on which counsel chiefly relies.

## PRELIMINARY STATEMENT

Plaintiff Andrew Barr ("Barr") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Barr as Lead Plaintiff on behalf of all persons or entities that purchased or otherwise acquired Let's Go Brandon Coin ($FJB) and/or Patriot Pay ($PPY) tokens between December 6, 2021 and February 12, 2025, inclusive (the "Class Period") (the "Class"); and (2) approving Lead Plaintiff's selection of Dynamis LLP ("Dynamis") as Lead Counsel for the Class.

The complaint ("Complaint") in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the federal securities laws by, among other things, marketing $FJB and $PPY as decentralized, censorship-resistant digital tokens while retaining centralized control over smart contracts and token wallets; failing to disclose that transaction-based "marketing" and "charity" fees were used for non-designated purposes; failing to disclose insider fee exemptions and over-the-counter sales; misrepresenting the tokens as a safer store of value than fiat currency; misrepresenting Defendants' level of commitment to promoting and developing the tokens; and failing to distribute promised liquidity proceeds after disabling trading. Investors in $FJB and $PPY, including Barr, suffered losses as a result.

Under the PSLRA, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). "The PSLRA establishes a rebuttable presumption that the most adequate lead plaintiff in such securities litigation is the one that: (1) filed the complaint or timely moved for appointment as lead plaintiff; (2) has the largest financial interest in the relief

sought by the class; and (3) otherwise satisfies Federal Rule of Civil Procedure 23." *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2005). Barr satisfies each of those criteria.

Barr filed the operative Complaint and is therefore an eligible candidate for appointment as Lead Plaintiff. Within the Class Period, Barr expended a net total of $58,730.98 acquiring $FJB and $PPY tokens, and he suffered approximately $58,730.98 in losses on those purchases as a result of the alleged fraud. *See* Declaration of Eric S. Rosen in Support of Motion ("Rosen Decl."), Ex. B (Barr Certification & Schedule A). To the best of Barr's knowledge, he has the largest financial interest of any class member seeking appointment as Lead Plaintiff.

Beyond his financial interest, Barr also satisfies the typicality and adequacy requirements of Rule 23. Barr's claims are typical of the Class's because they arise from the same alleged misstatements and omissions and the same course of conduct, and Barr is an adequate representative whose interests are aligned with those of absent Class members. To prosecute the Action vigorously, Barr has retained Dynamis—a firm with substantial experience prosecuting securities class actions and disputes involving cryptoassets and blockchain technology. *See* Rosen Decl., Ex. C (Dynamis LLP Firm Resume).

Accordingly, based on his financial interest, his satisfaction of the applicable requirements of Rule 23, and his commitment to overseeing this litigation, Barr respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Dynamis as Lead Counsel for the Class.

## STATEMENT OF FACTS

The factual allegations of the Action are detailed in the Complaint. In summary, this is a securities fraud class action arising from Defendants' offering, sale, and promotion of two cryptoasset tokens, $FJB and $PPY. Defendants Stephen K. Bannon, Boris Epshteyn, Sarah

Abdul, and the entities Let's Go Brandon Coin LLC, Patriot Pay LLC, WarRoom LLC, 354 Nod Hill LLC, and Twinds LLC (collectively, "Defendants") allegedly developed, controlled, marketed, and promoted $FJB and $PPY tokens to U.S.-based retail investors during the Class Period.

As alleged in the Complaint, Defendants offered and sold unregistered securities and made materially false and misleading statements concerning $FJB and $PPY. Among other things, Defendants: (i) marketed $FJB and $PPY as decentralized, censorship-resistant digital tokens while retaining centralized control over the underlying smart contracts and token wallets; (ii) failed to disclose that transaction-based "marketing" and "charity" fees were diverted for non-designated purposes; (iii) failed to disclose insider fee exemptions and over-the-counter sales by promoters and insiders; (iv) misrepresented the tokens as a safer store of value than fiat currency; (v) misrepresented their level of commitment to promoting and developing the tokens; and (vi) failed to distribute promised liquidity proceeds after disabling trading.

Barr purchased and acquired $FJB and $PPY tokens during the Class Period in reliance on Defendants' representations and material omissions and was damaged thereby. Barr expended a net total of $58,730.98 to acquire $FJB and $PPY tokens during the Class Period and suffered an estimated trading loss of $58,730.98 as a result of the alleged fraud. *See* Rosen Decl., Ex. B.

On February 12, 2026, Barr commenced this Action by filing a putative class action complaint, on behalf of all persons or entities who purchased or otherwise acquired $FJB and/or $PPY tokens during the Class Period. *See generally* Compl., ECF No. 1. On March 4, 2026, Barr's counsel, Dynamis, caused notice of the pendency of the Action to be published over GlobeNewswire (the "PSLRA Notice") pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act. *See* Rosen Decl., Ex. A. The PSLRA Notice apprised Class members of: (i) the pendency of the

Action; (ii) the claims asserted; (iii) the proposed Class Period; and (iv) their right to move the Court within sixty days—*i.e.*, by May 4, 2026—to be appointed Lead Plaintiff. *See id.*

Barr now timely moves for his appointment as Lead Plaintiff and for approval of his selection of Dynamis as Lead Counsel for the Class.

## ARGUMENT

### I. BARR SHOULD BE APPOINTED LEAD PLAINTIFF

There is a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Barr should be appointed Lead Plaintiff because, to the best of his knowledge, he has the largest financial interest in the Action of any movant for appointment as Lead Plaintiff and otherwise strongly satisfies the requirements of Rule 23. Under the PSLRA, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff and shall presume that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Barr satisfies all three of these criteria and is entitled to the presumption that he is the most adequate plaintiff among Class members.

#### A. Barr Has Timely Moved for Appointment as Lead Plaintiff

On February 12, 2026, Barr filed the Complaint, and on March 4, 2026, Barr's counsel caused the PSLRA Notice to be published over GlobeNewswire in accordance with Section 21D(a)(3)(A)(i) of the Exchange Act. *See* Rosen Decl., Ex. A. The PSLRA Notice advised members of the Class that they had until May 4, 2026 (sixty days from publication) to file a motion

to be appointed Lead Plaintiff. *See id.*; 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Fed. R. Civ. P. 6(a)(1)(C). Barr's motion is timely.

Furthermore, as the original plaintiff in the Action, Barr is an eligible candidate for appointment as Lead Plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) (instructing courts to appoint plaintiff(s) from among the class members who either filed an initial complaint or a motion for appointment). Barr has also submitted a sworn Certification attesting that he has reviewed the Complaint, that he is willing to serve as a representative party for the Class, and that he is willing to provide testimony at deposition and trial if necessary. *See* Rosen Decl., Ex. B. Accordingly, Barr satisfies the first requirement to serve as Lead Plaintiff.

### B. <u>Barr Has the Largest Financial Interest in the Relief Sought by the Class</u>

The PSLRA requires the Court to adopt a presumption that the "most adequate plaintiff" is the person who, among other things, "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). To the best of Barr's knowledge, he has the largest financial interest of any putative Class member seeking to serve as Lead Plaintiff.

For claims arising under Section 10(b) of the Exchange Act, courts generally assess financial interest based on three factors: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006).

During the Class Period, Barr (1) purchased over 124 million tokens of $FJB/$PPY; (2) net purchased approximately 77 million tokens of $FJB/$PPY; (3) expended a net total of $58,730.98 on his purchases of $FJB/$PPY tokens; and (4) suffered an approximate trading loss of $58,730.98 as a result of the alleged fraud. *See* Rosen Decl., Ex. B (Barr Certification & Schedule A). "[T]here is no evidence in the record that anyone else has a larger financial interest than [Barr],

and no member of the purported class has challenged [Barr's] claim that [he] has the largest financial interest in this case." *Plumbers Loc. # 200 Pension Fund v. Washington Post Co.*, 274 F.R.D. 33, 37 (D.D.C. 2011).

### C. Barr Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a presumptive lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." "[T]he party moving for lead plaintiff of the consolidated action need only make a *preliminary* showing that it satisfies the typicality and adequacy requirements of Rule 23." *Small v. Vanda Pharms. Inc.*, 10 F. Supp. 3d 6, 13 (D.D.C. 2013) (emphasis in original) (citation omitted). Barr satisfies both.

#### 1. Barr's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) "is generally satisfied when the plaintiff's claims arise from the same course of conduct, series of events, or legal theories as the claims of other class members." *In re XM Satellite Radio Holdings*, 237 F.R.D. at 18. The "movant's claims need not be identical with the absent class members" so long as they are "reasonably coextensive with the class as a whole." *Shenk v. Mallinckrodt PLC*, 300 F. Supp. 3d 279, 282 (D.D.C. 2018). At bottom, typicality "assess[es] whether the action can be efficiently maintained as a class and whether the [proposed lead plaintiff has] incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *In re XM Satellite Radio Holdings*, 237 F.R.D. at 18 (citation omitted).

Barr's claims are typical of those of the Class. Barr alleges, as do all Class members, that Defendants violated the federal securities laws by offering and selling unregistered securities and by making materially false and misleading statements and material omissions about $FJB and

$PPY. Barr, as did all Class members, purchased $FJB and/or $PPY tokens during the Class Period in reliance on, or in markets allegedly distorted by, Defendants' misrepresentations and omissions, and Barr was damaged upon the disclosure of the truth concerning Defendants' conduct. These shared claims—based on the same legal theory and arising from the same course of conduct as the Class's claims—more than satisfy the typicality requirement of Rule 23(a)(3). *Cf. In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d at 263 (finding typicality where plaintiff's "motion … stated the common facts and legal issues that it shares with the class").

**2. Barr Will Fairly and Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In assessing this requirement, courts generally consider whether a movant has the ability and incentive to represent the claims of the class vigorously, whether the movant has obtained adequate counsel, and whether there is a conflict of interest between the movant's claims and those asserted on behalf of the class." *Shenk*, 300 F. Supp. 3d at 282.

Barr satisfies each of these criteria. Barr's interests are clearly aligned with those of other Class members: he purchased $FJB and $PPY tokens during the Class Period, was damaged by Defendants' alleged misconduct in the same manner as other Class members, and seeks the same remedies under the same legal theories. There is no antagonism, much less a conflict, between Barr's interests and the interests of the Class. Barr's substantial financial loss further demonstrates his strong incentive to advocate vigorously on behalf of the Class. *See In re XM Satellite Radio Holdings*, 237 F.R.D. at 17 ("[P]laintiffs with a significant financial stake in the litigation" are "more likely to play an active role in directing and overseeing the litigation.").

Further demonstrating his commitment to the Class, Barr has submitted a sworn Certification declaring that he has reviewed the Complaint and is willing to serve as a representative party on behalf of the Class, including by providing testimony at deposition and trial if necessary. *See* Rosen Decl., Ex. B. Barr has also retained Dynamis—a firm experienced in securities class actions and complex cryptoasset litigation—to represent him and the Class. *See id.*, Ex. C. Accordingly, Barr satisfies Rule 23's adequacy requirement.

### D. Barr's Status as Most Adequate Plaintiff Is Unrebutted

Because Barr filed the Complaint, has the largest financial interest of any movant in the Action, and otherwise satisfies the requirements of Rule 23, the PSLRA requires that he be presumed to be the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can be rebutted "only upon proof by a member of the purported plaintiff class" that Barr will not fairly and adequately protect the interests of the Class or is subject to unique defenses that render him incapable of adequately representing the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Barr is aware of no such evidence, and accordingly, he should be appointed Lead Plaintiff for the Class. *Cf. Small*, 10 F. Supp. 3d at 14 ("No plaintiff has attempted to make such a showing, and the Court sees no evidence in the record (let alone the 'proof' required by the PSLRA) to suggest that [movant] will not fairly or adequately protect the interests of the putative class, or that he is subject to any unique defenses.").

## II. THE COURT SHOULD APPROVE BARR'S SELECTION OF DYNAMIS LLP AS LEAD COUNSEL

The PSLRA provides that the most adequate plaintiff "shall" select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). In doing so, "[t]he PSLRA 'evidences a strong presumption in favor of approving a properly-appointed lead plaintiff's decisions as to

counsel selection and counsel retention.'" *In re XM Satellite Radio Holdings*, 237 F.R.D. at 21 (citation omitted).

Barr has selected Dynamis as Lead Counsel for the Class. Dynamis is a national litigation boutique that focuses on cutting-edge civil and criminal litigation, with particular expertise in cryptoasset, securities, and class action litigation. *See* Rosen Decl., Ex. C (Dynamis LLP Firm Resume). Dynamis attorneys have served as lead or co-lead counsel in nationwide securities fraud class actions. *See id.* In addition, Dynamis attorneys have been at the forefront of cryptoasset litigation across the country, prosecuting and defending sophisticated crypto-related disputes (including a landmark RICO action against Binance) in federal courts nationwide. *See id.* Dynamis is recognized by Chambers as a leading U.S. law firm. *See id.*

The attorneys principally responsible for prosecuting this Action are uniquely qualified. Eric S. Rosen, a founding partner of Dynamis, is a former federal prosecutor (formerly an Assistant United States Attorney in the District of Massachusetts and the Western District of Pennsylvania) and one of the leading cryptoasset attorneys in the country, with extensive experience in securities-fraud and market-manipulation matters. *See* Rosen Decl., Ex. C. Constantine P. Economides, also a founding partner of Dynamis, has wide-ranging litigation experience, with expertise in commercial, securities, cryptoasset, and class action litigation; he was part of the team that recovered over $11 billion on behalf of the victims of the Madoff Ponzi scheme. *See id.* He is also an Adjunct Professor at The Ohio State University Moritz College of Law, where he teaches Cryptoasset & Fintech Litigation & Disputes. *See id.* Yusef Al-Jarani, Counsel at Dynamis, is a former law clerk to the U.S. District Court for the District of Connecticut and the U.S. Court of Appeals for the First Circuit and has substantial experience in complex commercial and securities litigation. *See id.*

Given Dynamis's skill, experience, and resources, the Class will receive high-caliber legal representation if the Court approves Barr's selection of Dynamis as Lead Counsel. *Cf. Shenk*, 300 F. Supp. 3d at 285 (appointing lead counsel that "has litigated numerous complex class-action lawsuits and appears well versed in the processes and standards that govern securities litigation"); *Reese v. Bahash*, 248 F.R.D. 58, 63 (D.D.C. 2008) (appointing lead counsel where "there is no dispute as to its experience and qualifications").

## CONCLUSION

For the foregoing reasons, Barr respectfully requests that the Court enter an Order: (1) appointing Barr as Lead Plaintiff in this Action; and (2) approving Barr's selection of Dynamis as Lead Counsel for the Class.

Dated: May 4, 2026

Respectfully submitted,

*/s/ Yusef Al-Jarani*
Eric S. Rosen (SBN NY0671)
Constantine P. Economides (*pro hac vice* pending)
Yusef Al-Jarani (*pro hac vice*)
**DYNAMIS LLP**
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(305) 985-2959
ceconomides@dynamisllp.com
erosen@dynamisllp.com
yaljarani@dynamisllp.com

*Counsel to Plaintiff and the Proposed Class*