**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANDREW BARR,

Plaintiff,

v.

BANNON et al.,

Defendants.

Case No. 1:26-cv-00452-ACR

HON. ANA C. REYES

## MOTION FOR EXTENSION OF TIME IN WHICH TO SERVE DEFENDANTS

Pursuant to Rules 4(m) and 6(b) of the Federal Rules of Civil Procedure and Section 9(b) of this Court's Standing Order in Civil Cases, Plaintiff, Andrew Barr, on behalf of himself and the Proposed Class, hereby requests a sixty-one day extension of time, through and including Monday, July 13, 2026, in which to serve Defendants Stephen K. Bannon, Boris Epshteyn, Sarah Abdul, and (through Defendant Bannon) Let's Go Brandon Coin LLC ("LGB") and 354 Nod Hill LLC ("354 Nod Hill"), and (through Defendant Epshteyn) TWinds LLC ("TWinds" and, collectively with Defendants Bannon, Epshteyn, Abdul, LGB, and 354 Nod Hill, the "Unserved Defendants"). As further detailed herein, good cause exists for this extension due to Plaintiff's ongoing diligent efforts to serve these defendants, as well as Defendant Bannon's active efforts to evade service of process.[1]

[1] Plaintiff further anticipates that some or all of the Unserved Defendants may not be amenable to service by traditional means and may therefore require service by alternative means. Should Plaintiff be required to move this Court for service by alternative means, he intends to do so within the period afforded by any extension granted pursuant to this Motion.

## I. EXISTING DEADLINE AND PRIOR CONTINUANCES/EXTENSIONS.

Plaintiff filed his Complaint in this action on February 12, 2026.[2] As such, under Rule 4(m), the deadline to serve all defendants is Wednesday, May 13, 2026. Plaintiff has not sought any prior continuances or extensions of the service deadline.

## II. SHOWING OF GOOD CAUSE FOR REQUESTED EXTENSION.

Good cause exists for the extension requested herein, and the extension is therefore required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m) (emphasis added) ("if the plaintiff shows good cause for the failure [to serve a defendant within 90 days of the filing of the complaint], the court *must extend the time for service for an appropriate period*"); *Murphy v. Wolf*, 2022 WL 4379037, at *2 (D.D.C. Sept. 22, 2022) ("[i]f the plaintiff shows 'good cause' for failing to serve the defendant, the court does not have a choice—it 'must extend the time for service for an appropriate period'").

Specifically, Plaintiff's counsel has already served several of the defendants in this action and has diligently endeavored to serve the Unserved Defendants, but these efforts have to date proven unsuccessful due to external factors not caused by plaintiffs' mistake or neglect. *See Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) ("[g]ood cause exists when some outside factor . . . rather than inadvertence or negligence, prevented service").

***Defendant Bannon***. On February 13, 2026, Plaintiff's counsel performed a public records search for Defendant Bannon's home address, which resulted in the discovery of, among others, residential addresses in Washington, D.C. and Tucson, Arizona. Declaration of Constantine P.

---

[2] On February 17, 2026, the Court issued electronic summonses for all defendants in this action, including Defendants Bannon, Epshteyn, Abdul, and LGB. *See* ECF No. 5.

Economides ("Decl."), at ¶ 2. Plaintiff's counsel retained Veritext to coordinate process servers for Defendant Bannon (and certain other defendants). *Id.*, at ¶ 3.

Defendant Bannon was subsequently traced to the Arizona address, with service of process attempted on six separate occasions: March 13, 2026; March 16, 2026; March 28, 2026; April 7, 2026; April 8, 2026; and April 9, 2026. *See id.*, at ¶ 4, Exs. A-B. As reflected by email correspondence with Veritext, process servers made visual contact with Defendant Bannon on two separate occasions: March 16, 2026 and April 8, 2026. *Id.*, Exs. A-B. With respect to the March 16 encounter, the process server reported witnessing Defendant Bannon "eating dinner [at] the table," at which point Defendant Bannon "hesitated after he saw [the process server]" and continued eating. *Id.*, Ex. A. After approximately fifteen minutes, an unknown individual admonished that the process server was on private property, requested that the process server leave, and threatened to call the police if the process server did not leave. *Id.* With respect to the April 8 encounter, meanwhile, the process server reported having "whistled" to Defendant Bannon after seeing him sitting in a chair in the residence, and that Defendant Bannon made visual contact but again refused to respond. *Id.*, Ex. B.

In sum, on at least two occasions, Defendant Bannon was aware of the process server's presence at his Arizona residence. On both occasions, Defendant Bannon ignored the process server and, in all likelihood, summoned his private security on March 16 to have the process server removed from the property. This conduct demonstrates purposeful evasion of service. *Compare Reshard v. Stevenson*, 2020 WL 13048949, at *2 (D.D.C. Oct. 7, 2020) (return of "refused" process sent by certified mail to defendant's residence, coupled with process server's confirmation that defendant resided at the address, suggested evasion of service) *and Corrado v. N.Y. Unified Court Sys.*, 163 F. Supp. 3d 1, 15-16 (E.D.N.Y. 2016) (defendant's refusal to come to building lobby to

accept service and building concierge's refusal of service on defendant's behalf evinced "unreasonable" attempts to avoid service) *with Doe #1 v. Am. Fed. Gov. Emps.*, 554 F. Supp. 75, 123 (D.D.C. 2021) (emphasis in original) (court unable to find that defendant "purposefully evaded service because it lacks sufficient evidence that [defendant] was actually home for the servers' attempts or aware of plaintiffs' service efforts").

It is well-established in this Circuit that active attempts to evade service constitute good cause for an extension of the service deadline. *See Sanchez v. Yu Lin Corp.*, 2022 WL 4598653, at *2 (D.D.C. Sept. 30, 2022) (quoting 4B Charles A. Wright & Arthur R. Miller, Fed. Practice and Procedure Civ. § 1137 (4th ed.)) ("Cases in which the defendant purposefully evades service 'provide strong arguments for granting good cause extensions.'"); *Mann*, 681 F.3d at 374 ("a defendant's intentional evasion of service" establishes good cause to extend the deadline for service); *Cifizzari v. Hill*, 1988 WL 23259, at *1 (D.D.C. Mar. 2, 1988) (finding good cause to extend service deadlines where process server's affidavit "list[ed] his numerous attempts to serve the defendant both at home and at his workplace, and indicate[d] that the defendant ha[d] been evading service"). Because Defendant Bannon has on at least two occasions evaded service here, the Court should find the requisite good cause supporting an extension of the service deadline.

***LGB/354 Nod Hill***. As alleged in the Complaint, LGB is or was a Delaware limited liability company owned, controlled, and operated by Defendants Bannon and Epshteyn. Compl., ¶ 19. 354 Nod Hill is a Delaware limited liability company owned, controlled, and operated by Defendant Bannon. *Id.*, ¶ 22. Plaintiff's counsel sought to serve LGB through its Delaware registered agent, and, on February 20, 2026, received a proof of service indicating that the process server was unable to serve LGB in this manner because "the agent has no record of this company." Decl., at ¶ 5, Ex. C.

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, service on a corporation may alternatively be effected through service on an officer of the corporation. Plaintiff has sought to serve process on both LGB and 354 Nod Hill through their officer, Defendant Bannon, but has also been stymied in these efforts by Defendant Bannon's purposeful evasion of service. *See id.*, Exs. A-B. As such, good cause exists to extend LGB's service deadline for the same reasons such good cause exists to extend Defendant Bannon's.

***Defendant Epshteyn***. On February 13, 2026, Plaintiff's counsel performed a public records search for Defendant Epshteyn's home address, the results of which included addresses in Washington, D.C. and New York, New York. Decl., at ¶ 6. Plaintiff's counsel subsequently identified an additional address in Boca Raton, Florida, which is also believed to be a residence of Defendant Epshteyn. *Id.*, at ¶ 7.

Plaintiff's counsel attempted on numerous occasions to serve Defendant Epshteyn. Veritext attempted to serve Defendant Epshteyn at multiple Washington, D.C. addresses with which he was associated, but on each instance was unsuccessful. The first of these attempts was on February 21, 2026, where the building concierge was able to make contact with the resident (after being informed of the process recipient's last name) and, upon relaying that the process server had "legal documents" for the resident, was told that the residents of the unit were "out of the country and wouldn't be home for several months." *Id.*, Ex. D. Separately, on March 16, 2026, Veritext attempted service on Defendant Epshteyn at the New York address that had been traced to him, but the building concierge informed the process server that Defendant Epshteyn had relocated several years prior. *Id.*, Ex. E. And, on April 13, 2026; April 24, 2026; and May 2, 2026, Veritext attempted service on Defendant Epshteyn at the Boca Raton address, but in each instance was unable to make contact. *Id.*, Ex. F.

As with Defendant Bannon, Defendant Epshteyn's conduct—in particular, the suspicious statement to the building concierge that the residents of the Washington address served on February 21 (presumed to include Defendant Epshteyn) were "out of the country" for an extended period—suggests evasion. Nonetheless, showing evasion is not a prerequisite to obtaining an extension for service; courts have "substantial discretion" to extend service deadlines. *Morrissey v. Mayorkas*, 17 F. 4th 1150, 1164 (D.C. Cir. 2021). Moreover, a focal point is "whether the plaintiffs diligently attempted to effect service." *Doe v. Hills*, 217 F. Supp. 3d 199, 205 (D.D.C. 2016). As described above, Plaintiff has been diligent, and an extension of Defendant Epshteyn's service deadline is warranted.

***TWinds***. As alleged in the Complaint, TWinds is a Delaware limited liability company owned, operated, and controlled by Defendant Epshteyn. Compl., ¶ 23. Plaintiff has attempted to serve TWinds through Defendant Epshteyn, but, as with Plaintiff's efforts to serve LGB and 354 Nod Hill, has been unable to serve TWinds due to the aforedescribed challenges in serving Defendant Epshteyn. Decl., Ex. D. An extension of the deadline to serve TWinds is therefore warranted as well.

***Defendant Abdul***. Plaintiff's counsel performed a public records search for Defendant Abdul on February 13, 2026, which returned several Arizona addresses. Decl., at ¶ 9. As evinced by the process servers' affidavits of non-service, Plaintiff attempted to serve Defendant Abdul at three separate Arizona addresses a total of ten times from February through April 2026, but was unsuccessful on each attempt. *Id.*, at ¶ 10, Exs. G-I. At one address, the process server encountered a male occupant who averred that Defendant Abdul no longer resided at the address and that he was unable to provide a forwarding address "as he has no contact with her anymore." *Id.*, Ex. H. At another, the occupant stated that she rents the residence from Defendant Abdul and did not have

a contact address for Defendant Abdul, but was able to provide a phone number that the resident believed was associated with Defendant Abdul. *Id.*, Ex. G.

At a minimum, Plaintiff's diligent efforts to effect service on Defendant Abdul—a total of ten times over a two-month period—support the Court's exercise of its discretion to extent Defendant Abdul's service deadline. As such, good cause exists for this extension as well.

## III. EFFECT ON EXISTING DEADLINES.

The extension requested herein will have no impact on other pending deadlines in this action. Although Defendant WarRoom LLC is expected to respond to Plaintiff's Complaint on or before May 17, 2026 (*see* Apr. 20, 2026 Text Entry) this deadline was set while service on the Unserved Defendants remained pending, and this filing can be made independently of the dates on which the Unserved Defendants are ultimately served. Moreover, while Plaintiff's Motion to Appoint Lead Plaintiff remains pending subject to a May 18, 2026 response date and a May 28, 2026 hearing date, this motion, too, may be adjudicated independently.[3]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant a sixty-one day extension of time, through and including Friday, Monday, July 13, 2026, in which to serve the Unserved Defendants.

[3] In the alternative, Plaintiff is willing to consent to an extension of all pending deadlines to ensure a coordinated response date for all defendants, including the Unserved Defendants once service is effected upon them.

Dated: May 8, 2026

Respectfully submitted,

/s/ Eric S. Rosen
Eric S. Rosen
Constantine P. Economides (*pro hac vice*)
Yusef Al-Jarani (*pro hac vice to be filed*)
**DYNAMIS LLP**
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(305) 985-2959
ceconomides@dynamisllp.com
erosen@dynamisllp.com
yaljarani@dynamisllp.com

*Counsel to Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2026, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF filing system, which will then send a notification of such filing to all counsel of record.

Dated: May 8, 2026

*/s/ Eric S. Rosen*

Eric S. Rosen (DC Bar # NY0671)
Constantine P. Economides
Yusef Al-Jarani
**DYNAMIS LLP**
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(305) 985-2959
erosen@dynamisllp.com
ceconomides@dynamisllp.com
yaljarani@dynamisllp.com

*Counsel to Plaintiff and the Proposed Class*