**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW BARR, *et al.*,<br><br>   *Plaintiff,*<br><br>v.<br><br>STEPHEN K. BANNON, *et al.*<br><br>   *Defendants*. | Civil No. 26-452 (ACR) |

<u>**WARROOM'S NOTICE OF DISPOSITIVE MOTION**</u>

Defendant Warroom, LLC ("War Room"), pursuant to Section 7(f) of this Court's Standing Order, submits this notice and respectfully requests a pre-motion conference.

The Complaint advances eight claims against War Room – a media company that produces the *War Room* show – under federal and District of Columbia securities law, D.C. consumer protection law, and related common law theories of fraud, negligent misrepresentation, and unjust enrichment.  Each claim is alleged by Plaintiffs to arise from defendants promoting "a digital token initially branded as Let's Go Brandon Coin ("FJB" or "$FJB") and later rebranded as Patriot Pay ("PPY" or "$PPY") (the "Token")."  Compl. ¶ 2.

The claims against War Room should all be dismissed because they are grounded in laws that regulate securities, yet the asset at the heart of each claim *is not a security*.

**A.  <u>Counts I, II, V, and VI Must Be Dismissed Because The Token Is Not A Security</u>**

Counts I and II of the Complaint arise under federal securities law and allege the unregistered offer and sale of securities in violation of §§ 5 and 12(a)(1) of the Securities Act of 1933 and fraud in connection with the purchase or sale of securities in violation of section 10(b) of the Exchange

Act of 1934 and Rule 10b-5.  Counts V and VI essentially allege that the same conduct also violated local law – the D.C. Securities Act.  War Room will move to dismiss these counts because the Token is not a security under controlling law.  *See SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946).  Therefore, those federal and local statutes do not apply.

### B.  Counts II & IX Must Be Dismissed For Failure To Meet The Stringent Pleading Requirements For Private Securities Fraud Claims

Because the Complaint does not satisfy applicable pleading requirements, Counts II & IX must be dismissed.  To state a claim for private securities fraud, a complaint must sufficiently plead that "(1) there was a material misstatement or omission; (2) made with scienter; (3) in connection with the purchase or sale of a security; (4) that was relied upon by plaintiffs; (5) which resulted in economic loss; and (6) that loss was caused by the material misstatement or omission." *Plumbers Local #£200 Pension Fund v. Washington Post Co.*, 920 F. Supp. 2d 222, 223 (D.D.C. 2013). The Complaint falls short.

Under the Private Securities Litigation Reform Act (PSLRA), private plaintiffs advancing a claim under Section 10(b) of the Securities Exchange Act of 1934 must satisfy *heightened* pleading requirements.  A complaint alleging that the defendant made a false or misleading statement must both (1) specify each allegedly misleading statement and explain why the statement is misleading; and (2) state "with particularity facts giving rise to a strong inference" that the defendant acted with scienter, "a mental state embracing intent to deceive, manipulate or defraud." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (quoting § 78u–4(b)(1)-(2)).  "[T]he inference of scienter must be more than merely reasonable or permissible—it must be cogent and compelling," and a complaint cannot survive unless "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc.*, 551 U.S. at 324; *see also Plumbers Local #£200 Pension*

*Fund*, 920 F. Supp. 2d at 225. If these requirements are not met, as here, the Court must dismiss the Complaint. 15 U.S.C. § 78u-4(b)(3)(A).

While lengthy, the Complaint lacks the specificity needed to survive a motion to dismiss. For instance, the Complaint repeatedly attributes actions to all "Defendants" without providing the details that would allow even an inference that a statement or action could be attributable to all Defendants. Additionally, the Complaint makes generalized allegations about misrepresentations and deceptive statements but provides no details about how or when Plaintiffs were exposed to these statements, or exactly why they were misleading or deceptive. The allegations regarding misrepresentations and/or deceptive statements are vague. Lastly, Plaintiff fails to adequately plead loss and causation. While the Complaint alleges that Plaintiff Barr engaged in over 100 transactions involving the Token, and sustained a five-figure loss, it does not specify how Plaintiff Barr's alleged monetary loss is tied to the alleged acts of the Defendants.

### C. <u>Counts I, V, and VI Must Be Dismissed As Untimely</u>

The Court must dismiss Count I because it is untimely. Plaintiff alleges unlawful offer and sale of securities in violation of 15 U.S.C. § 77e and sues under the private right of action provided in 15 U.S.C. § 77l(a)(1). Section 13 of the Securities Act provides that "[i]n no event shall any such action be brought to enforce a liability created under Section 77k or 77l(a)(1) of this title more than three years after the security was bona fide offered to the public[.]" 15 U.S.C. § 77m. Here, Plaintiff alleges the tokens were first offered in 2021, but he did not bring suit until February 2026. This alone bars Plaintiff's claims. *See Sostack v. Ripple Labs, Inc. (In re Ripple Labs, Inc. Litig.)*, 2026 U.S. App. LEXIS 1944 (9th Cir. 2026) (affirming summary judgment dismissing Section 77l(a)(1) claims on statute of limitations grounds).

The Court must also dismiss Counts V and VI because the statute of limitations under D.C. Code § 31-5606.05 has expired. Count V alleges a violation of subsection (a)(1)(A) and Count VI

3

alleges a violation of subsection (a)(1)(B).  A person may not sue under subsection (a)(1) after the earlier of 3 years after the contract of sale or purchase, or – if alleging a violation of (a)(1)(A) – one year after the violation on which it is based; or – if alleging a violation of (a)(1)(B) – one year after the discovery of the untrue statement or omission or after the discovery should have been made by the exercise of reasonable diligence.  *See* § 31-5606.05(f)(1)-(2).  Based upon the allegations in the Complaint – even if construed as true – the claims set forth in Counts V and VI are untimely and must be dismissed.

### D.  <u>Count VIII Must Be Dismissed Because The Statute Involved Is Inapplicable</u>

Count VIII alleges that War Room violated the D.C. Consumer Protection Procedures Act ("D.C. CPPA") under D.C. Code § 28-901, *et seq*.  That statute applies only to consumer-merchant relationships.  *Busby v. Capital One*, *N.A.*, 772 F. Supp. 2d 268 (D.D.C. 2011).  The Complaint alleges no specific facts that – even if construed as true – would bring War Room's conduct within the purview of that statute.

Dated: June 4, 2026

Respectfully submitted,

CORCORAN LAW GROUP PLLC

  /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
Corcoran Law Group PLLC
1050 30th Street NW
Washington, DC 20007
(202) 465-8154
evan@corcoranlg.com

*Counsel for Defendant Warroom,LLC*