**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

ANDREW BARR, on behalf of himself and all others similarly situated,

Plaintiff,

v.

STEPHEN K. BANNON, BORIS EPSHTEYN, SARAH ABDUL a/k/a Sarah Abdul Razzaq a/k/a Sarah Abdulrazzi a/k/a Sarah Abdul Williams a/k/a Sarah Abdul Elliott, LET'S GO BRANDON COIN LLC, PATRIOT PAY LLC, WARROOM LLC, 354 NOD HILL LLC, and TWINDS LLC,

Defendants.

Case No. 1:26-cv-00452-ACR

Hon. Ana C. Reyes

**PLAINTIFF'S RESPONSE TO WARROOM'S NOTICE OF DISPOSITIVE MOTION**

Plaintiff respectfully submits this response to Defendant Warroom LLC's ("War Room") notice of intent to file a dispositive motion (ECF No. 22). A motion to dismiss tests only the sufficiency of the pleadings. The Court must accept the Complaint's well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. So measured, none of War Room's four grounds warrants dismissal. Plaintiff addresses each in turn.[1]

**A. The Token Is a Security (Counts I, II, V, and VI).**

Whether the Token is a "security" turns on the economic-reality test of *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946). The Complaint pleads each *Howey* element: an investment of money;

[1] Plaintiff sincerely apologizes to the Court for the belated filing of this response. The parties had been conferring in good faith regarding an extension and a consolidated briefing schedule to govern the anticipated dispositive motions of War Room and the other Defendants when the initial deadline passed. Concurrently herewith, Plaintiff has filed a motion proposing that consolidated schedule. Plaintiff regrets any inconvenience to the Court.

a common enterprise, both horizontal (investors' fortunes pooled through embedded transaction fees, liquidity pools, and "marketing" and "charity" wallets funded by every trade) and vertical (Defendants' fortunes rose and fell with that same trading activity); and a reasonable expectation of profits derived from the efforts of others—Bannon's and Epshteyn's promotion, control, and promised development of the ecosystem, including through the War Room platform. Compl. ¶¶ 257–77. Courts in this District and elsewhere have repeatedly held that digital tokens marketed as investments are investment contracts. *See, e.g.*, *SEC v. Binance Holdings Ltd.*, 738 F. Supp. 3d 20 (D.D.C. 2024); *SEC v. Telegram Grp. Inc.*, 448 F. Supp. 3d 352 (S.D.N.Y. 2020); *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169 (S.D.N.Y. 2020). At a minimum, the security question presents a factual dispute unsuited for resolution on a motion to dismiss.

**B. The Fraud Counts Satisfy Rule 9(b) and the PSLRA (Counts II and IX).**

Under *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323–24 (2007), a scienter inference need only be "cogent and at least as compelling as any opposing inference," and the allegations must be assessed "collectively" rather than "in isolation." The Complaint identifies each challenged statement by speaker, date, and medium and explains why it was false or misleading. Compl. ¶¶ 65–86, 160–83. It then pleads scienter through Defendants' own contemporaneous, internal communications: admissions that there were "no funds for the coin," that Epshteyn had "pilfered over $100,000" through a sham vendor arrangement, that a cropped $100 pre-acquisition donation was passed off as proof of the "charity" tax, and that insiders quietly drained the "charity" wallets so as not to "dump on the price." Compl. ¶¶ 121–41, 198–205. Those particularized, insider-sourced allegations supply the "strong inference" the D.C. Circuit found sufficient in *In re Harman Int'l Indus., Inc. Sec. Litig.*, 791 F.3d 90 (D.C. Cir. 2015), and that this Court sustained in *Howard v. Liquidity Servs., Inc.*, 177 F. Supp. 3d 289 (D.D.C. 2016). The

group-pleading objection likewise fails—each statement is individually attributed, and War Room is independently liable as a disseminator of those statements under Rule 10b-5. Nor is loss causation deficient: the Complaint pleads issuer-specific corrective events and the resulting price collapses while disclaiming general market volatility, Compl. ¶¶ 278–99, which is all that is required at this stage. Should the Court nonetheless identify any deficiency, leave to amend is freely granted. *See Belizan v. Hershon*, 434 F.3d 579, 583–84 (D.C. Cir. 2006).

**C. Counts I, V, and VI Are Timely.**

War Room invokes only the three-year repose measured from the 2021 launch, but it does not reach the Complaint. *First*, the limitations period for a Section 12(a)(1) claim runs from each purchase, so, at minimum, claims based on purchases within a year of filing are timely. *Williams v. Binance*, 96 F.4th 129 (2d Cir. 2024) (reversing dismissal of crypto Section 12(a)(1) claims as untimely). *Second*, $PPY was a distinct security—a new token deployed on a new blockchain (Polygon) through a new smart contract and first offered to the public in 2024, Compl. ¶¶ 150–55—placing its offering squarely within three years of the February 12, 2026, filing. The same holds true for the claim under D.C. Code § 31-5606.05(a)(1)(A), which is "obviously transplanted" from Section 12(a)(1). *Goodrich v. Bank of Am., N.A.*, No. 21-CV-01344 (DLF), 2022 WL 1597582, at *6 (D.D.C. May 19, 2022), *aff'd*, 136 F.4th 347 (D.C. Cir. 2025) (citation omitted). Count VI fares even better: the limitations period runs one year after *discovery* of the misrepresentation or omission. D.C. Code § 31-5606.05(f)(2)(B). The Complaint alleges the scheme was neither known nor reasonably discoverable until the February 2025 shutdown, Compl. ¶¶ 230–37, with the three-year outer limit satisfied by post-February 2023 sales. D.C. Code § 31-5606.05(1). Because timeliness is an affirmative defense that must be apparent from the face of the complaint—and is not apparent here—dismissal on limitations grounds is improper.

**D. Count VIII States a Claim Under the D.C. CPPA.**

War Room argues (but does not explain why) the Complaint does not plead a consumer-merchant relationship, but *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268 (D.D.C. 2011), is inapposite. There, a borrower had no consumer-merchant relationship with a mere loan servicer (as opposed to the lender itself). *Id.* at 279–80. Here, Defendants transacted directly with Plaintiff and the putative class, marketing a crypto payment app, a digital wallet, tokens, NFTs, and branded merchandise to ordinary retail users—even advertising that the product was "so easy, even your grandma can do it." Compl. ¶¶ 182–83, 383. Those are consumer goods and services. *See Qureshi v. Am. Univ.*, No. 20-CV-1141 (CRC), 2023 WL 2387811, at *6 (D.D.C. Mar. 7, 2023) ("[T]he word 'consumer' in the CPPA covers '*anything, without exception*, that' a person would 'purchase, lease (as lessee), or receive and normally use for personal, household, or family purposes.'") (citation omitted); *see also Jones v. Vintage Equity Grp., LLC*, No. 24-CV-3108 (DLF), 2025 WL 2105574, at *7 (D.D.C. July 28, 2025) ("[C]ourts have interpreted the CPPA to cover transactions of financial goods and consumer purchases for pecuniary benefit."); *Mod. Mgmt. Co. v. Wilson*, 997 A.2d 37, 62 (D.C. 2010) (emphasizing that "*business opportunities*" are defined as "goods and services" under the statute) (citation omitted). "A motive may be pecuniary and still be personal," even if the purchase was made "as an investment." *Ford v. Chartone, Inc.*, 908 A.2d 72, 83 (D.C. 2006). Plaintiff and the class bought the Token for personal use, not for any trade or business, and their hope of appreciation does not strip them of consumer status—while Defendants, who routinely sold to the retail public, are "merchants." *See* D.C. Code § 28-3901(a)(3)(A).

For these reasons, none of War Room's four grounds supports dismissal. Plaintiff respectfully requests that the Court permit these claims to proceed and, should War Room move to dismiss, allow full briefing on the merits.

Dated: July 1, 2026

Respectfully submitted,

*/s/ Constantine P. Economides*
Constantine P. Economides (*pro hac vice*)
Eric S. Rosen (SBN NY0671)
Yusef Al-Jarani (*pro hac vice*)
**DYNAMIS LLP**
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(305) 985-2959
ceconomides@dynamisllp.com
erosen@dynamisllp.com
yaljarani@dynamisllp.com

*Counsel to Plaintiff and the Proposed Class*