**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW BARR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN K. BANNON et al.,<br><br>Defendants. | Case No. 1:26-cv-00452-ACR<br><br>Hon. Ana C. Reyes |

**PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANT SARAH ABDUL AND FOR A SECOND EXTENSION OF TIME TO EFFECT SERVICE**

Pursuant to Rules 4(e)(1) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Rules 4.1(k) and 4.1(l) of the Arizona Rules of Civil Procedure, and Paragraph 9(b) of this Court's Standing Order in Civil Cases, Plaintiff Andrew Barr, on behalf of himself and the Proposed Class, respectfully moves this Court for an order (i) authorizing alternative service of the Summons and Complaint on Defendant Sarah Abdul ("Abdul")—by mailing and direct electronic message under Arizona Rule 4.1(k) and, in the alternative, by publication under Arizona Rule 4.1(l)—as set forth below, and (ii) extending the deadline to serve Abdul by forty-five (45) days, through and including Thursday, August 27, 2026. Despite diligent and sustained efforts—including nine attempts at four separate Arizona addresses and repeated telephone outreach—Plaintiff has been unable to personally serve Abdul. Good cause supports the requested extension, and the requested means of alternative service are reasonably calculated to apprise Abdul of this action. This Motion is supported by the accompanying Declaration of Nathan Haronian ("Haronian Decl."), exhibits thereto, and Proposed Order submitted herewith.

## I. EXISTING DEADLINE AND PRIOR EXTENSIONS

Plaintiff filed his Complaint on February 12, 2026. Under Rule 4(m), the original deadline to serve all Defendants was May 13, 2026. Plaintiff obtained one prior extension of the service deadline, through and including Monday, July 13, 2026. *See* ECF No. 18. This is Plaintiff's second request to extend the deadline as to Defendant Abdul. All Defendants have been served except Defendant Abdul and Defendant Let's Go Brandon Coin LLC (now known as Freedom Jobs Business App LLC)[1]; Defendant Patriot Pay LLC has been served but has not yet appeared. This Motion seeks relief only as to Defendant Abdul. Consistent with Paragraph 9(b) of the Court's Standing Order, this Motion is filed four days before the July 13, 2026 deadline.

## II. PLAINTIFF HAS DILIGENTLY BUT UNSUCCESSFULLY ATTEMPTED TO SERVE DEFENDANT ABDUL

On February 13, 2026, Plaintiff's counsel retained Class Action Research to perform a skip trace for Abdul. The resulting report identified fourteen addresses historically associated with Abdul, twelve aliases she has used, and several associated individuals, including her husband, Christopher N. Martin. Haronian Decl. ¶ 4, Ex. 1.

Plaintiff attempted personal service at the address identified as Abdul's most recent—3443 S. Joshua Tree Ln., Gilbert, Arizona—on February 25 and March 3, 2026. No one answered on the first attempt; on the second, a resident stated that Abdul owns the property and rents it to him but that he had no current address for her. Haronian Decl. ¶ 5, Ex. 2. Counsel then undertook extensive additional investigation—including Maricopa County Assessor records, Arizona

[1] Plaintiff recently discovered, after consulting with the Delaware Division of Corporations, that Let's Go Brandon Coin LLC amended its certificate of formation to change its name to Freedom Jobs Business App LLC. Plaintiff has requested issuance of a summons reflecting that name change—Let's Go Brandon Coin LLC, n/k/a Freedom Jobs Business App LLC (ECF No. 26)—so that this Defendant may be timely served by Monday, July 13, 2026. Plaintiff will separately move to correct the caption accordingly and has requested Defendants' positions on that motion.

Corporation Commission filings for Platinum Care Assisted Living LLC (an entity associated with Abdul), Superior Court records, data-broker searches, an NPPES provider listing, Zillow rental history, Google Street View imagery, and news coverage of a restaurant Abdul owned—to identify a current address. Haronian Decl. ¶¶ 6–13, Exs. 3–13.

Plaintiff attempted personal service at additional addresses associated with Abdul. On April 9, 2026, a process server attempted service at 538 W. Spur Ave., Gilbert, Arizona, where a male occupant identifying himself as Nassir Abdul Razzaq stated that Abdul does not live there and that he had no forwarding address. Haronian Decl. ¶ 16, Ex. 15. Between April 14 and 21, 2026, the process server made five additional unsuccessful attempts at 2463 E. Springfield Pl., Chandler, Arizona, as reflected in a sworn Affidavit of Non-Service. Haronian Decl. ¶ 17, Exs. 15–16. On May 26, 2026, a building concierge refused to permit the process server access to 310 S. 4th St., #910, Phoenix, Arizona. Haronian Decl. ¶ 18, Ex. 17. Plaintiff also attempted telephone outreach: the process server left a voicemail on May 28, 2026, and Plaintiff provided four additional telephone numbers on June 5, 2026, none of which yielded a response. Haronian Decl. ¶ 19, Ex. 17. In total, Plaintiff attempted service on Abdul nine times, at four separate addresses, over more than four months. Despite these efforts, Plaintiff has been unable to locate and serve Abdul. Haronian Decl. ¶ 21.

## III. GOOD CAUSE EXISTS FOR A SECOND EXTENSION OF THE SERVICE DEADLINE

This is a timely request, governed by the good-cause standard. Because Plaintiff seeks this extension before the current July 13, 2026 deadline expires, Rule 6(b)(1)(A) applies: the Court may, "for good cause," extend the time when "a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The same good-cause standard governs enlargement of the time for service under Rule 4(m). *See* Fed. R. Civ. P. 4(m). "If the plaintiff

shows 'good cause' for failing to serve the defendant, the court does not have a choice—it 'must extend the time for service for an appropriate period.'" *Murphy v. Wolf*, 2022 WL 4379037, at *2 (D.D.C. Sept. 22, 2022) (quoting Fed. R. Civ. P. 4(m)). "Good cause exists where 'some outside factor . . . rather than inadvertence or negligence, prevented service,'" as where "the plaintiff[] diligently attempted to effect service" but failed for reasons beyond his control. *Doe v. Hills*, 217 F. Supp. 3d 199, 205 (D.D.C. 2016) (citation omitted).

Plaintiff has been diligent. As set forth above and in the Haronian Declaration, Plaintiff conducted an exhaustive investigation and attempted personal service nine times at four Arizona addresses, supplemented by repeated telephone outreach. That Abdul remains unserved is the product of outside factors beyond Plaintiff's control: Abdul no longer resides at any address associated with her, occupants at those addresses disclaim knowledge of her whereabouts, and a building concierge affirmatively blocked access. *See, e.g.*, *Sanchez v. Yu Lin Corp.*, 2022 WL 4598653, at *3 (D.D.C. Sept. 30, 2022) (diligent but unsuccessful attempts support extension). A 45-day extension is modest and reflects the time needed to complete service by the means the Court orders—including, should the Court direct service by publication, the four successive weeks of publication and the 30-day completion period under Ariz. R. Civ. P. 4.1(l)(2)(D). The extension will prejudice no party and will not affect any other deadline in this action. *See Parker v. Yellen*, 2023 WL 3647177, at *5 (D.D.C. May 25, 2023) (granting extension where "there is no evidence or suggestion that the [defendant] will suffer any undue prejudice").

In any event, courts may enlarge the Rule 4(m) period "even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 662 (1996) (citation omitted); *see, e.g.*, *Rogers v. Amalgamated Transit Union Local 689*, 98 F. Supp. 3d 1, 6–8 (D.D.C. 2015) (even absent good cause, the court may exercise its discretion to grant a plaintiff "additional time" to perfect service);

*Battle v. District of Columbia*, 21 F. Supp. 3d 42, 45–48 (D.D.C. 2014) (extending time to serve "comports with this Circuit's strong preference in 'favor of resolution of genuine disputes on their merits'") (citation omitted).

## IV. ALTERNATIVE SERVICE IS PROPER UNDER RULE 4(e)(1) AND ARIZONA RULES 4.1(k) AND 4.1(l)

Federal Rule 4(e)(1) permits service on an individual by following the law of the state where service is made. Abdul resides in Maricopa County, Arizona, so service may be made under Arizona law. Arizona Rule of Civil Procedure 4.1(k) authorizes alternative means of service, and Rule 4.1(l) authorizes service by publication, in each case upon a showing that the means of service otherwise prescribed by Rule 4.1 are "impracticable." Ariz. R. Civ. P. 4.1(k)(1), 4.1(l)(1). That "impracticable" standard is "less than [a] 'due diligence' showing," requiring only that other service be "extremely difficult or inconvenient." *Blair v. Burgener*, 226 Ariz. 213, 218–19 (App. 2010). Federal courts sitting in Arizona routinely authorize alternative service under Rule 4.1(k) after failed personal-service attempts. *See, e.g.*, *Kato v. Just Liv Behavioral Home LLC*, 2024 WL 6978616 (D. Ariz. 2024); *Chalasani v. Paymentwall, Inc.*, 2020 WL 7027558 (D. Ariz. 2020).

Plaintiff has made that showing. Abdul no longer resides at any address associated with her, occupants at those addresses disclaim knowledge of her whereabouts, a building concierge blocked access, and repeated telephone outreach went unanswered. Personal service—and any other prescribed means—is therefore impracticable. *See* Ariz. R. Civ. P. 4.1(k)(1), 4.1(l)(1); Haronian Decl. ¶¶ 16–21.

The proposed methods also satisfy due process, because each is "reasonably calculated, under all the circumstances, to apprise" Abdul of this action and afford her an opportunity to respond. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Because Abdul actively used the Discord account "sundevil28" to communicate with investors and to transact in

the Token, a direct message to that account is especially likely to achieve actual notice. *See* Compl. ¶¶ 122, 198–203; Haronian Decl. ¶¶ 14, 20. And Arizona courts have repeatedly sustained service by publication combined with mailing to a defendant's last-known and property addresses. *See, e.g.*, *Windrose Ests. Homeowners Ass'n v. Wright*, 261 Ariz. 376 (App. 2025); *Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1 (App. 2018).

Plaintiff first requests leave, under Rule 4.1(k), to serve Abdul by both of the following means: (a) mailing copies of the Summons and Complaint, postage prepaid, to Abdul at 3443 S. Joshua Tree Ln., Gilbert, Arizona; 538 W. Spur Ave., Gilbert, Arizona; and 2463 E. Springfield Pl., Chandler, Arizona; and (b) transmitting the Summons and Complaint (or a notice describing how to obtain them) by direct message to Abdul's Discord account, username "sundevil28," through which Abdul communicated with investors and transacted in the Token. *See* Ariz. R. Civ. P. 4.1(k); Compl. ¶¶ 122, 198–203; Haronian Decl. ¶¶ 14, 20. As Rule 4.1(k)(2) requires, Plaintiff will make a reasonable effort to provide Abdul with actual notice and will mail the Summons, Complaint, and any order to her last-known addresses.

In the alternative, should the Court conclude that service by publication is required, Plaintiff requests leave, under Rule 4.1(l), to serve Abdul by publishing the Summons and a statement describing how a copy of the Complaint may be obtained, at least once a week for four successive weeks, in a newspaper of general circulation in Maricopa County, Arizona—the county in which Abdul's last-known addresses are located—together with the mailing described above. *See* Ariz. R. Civ. P. 4.1(l)(2)–(3). Service by publication would be complete 30 days after the date of first publication. Ariz. R. Civ. P. 4.1(l)(2)(D).

## V. EFFECT ON EXISTING DEADLINES

The only deadline affected by the requested extension is the July 13, 2026 deadline to serve Defendant Abdul; no other deadline in this action is affected. The pending briefing on Defendants' anticipated dispositive motions and all other scheduled dates may proceed independently of the date on which Abdul is served.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (i) authorize alternative service on Defendant Abdul—by mailing and direct message under Arizona Rule 4.1(k) and, in the alternative, by publication under Arizona Rule 4.1(l)—as set forth above; and (ii) extend the deadline to serve Abdul through and including Thursday, August 27, 2026. A Proposed Order is submitted herewith.

Dated: July 9, 2026

Respectfully submitted,

*/s/ Constantine P. Economides*

Eric S. Rosen (DC Bar # NY0671)
Constantine P. Economides (*pro hac vice*)
Yusef Al-Jarani (*pro hac vice*)
DYNAMIS LLP
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(305) 985-2959
erosen@dynamisllp.com
ceconomides@dynamisllp.com
yaljarani@dynamisllp.com

*Counsel to Plaintiff and the Proposed Class*

## LOCAL CIVIL RULE 7(m) CERTIFICATION

Pursuant to Local Civil Rule 7(m), undersigned counsel conferred in good faith with counsel for the appearing Defendants regarding the relief sought in this Motion. On July 9, 2026, Plaintiff's counsel emailed counsel for the appearing Defendants requesting their positions on this Motion. Counsel for Defendants Boris Epshteyn, TWinds LLC, Stephen Bannon, 354 Nod Hill LLC, and Warroom LLC responded that they take no position on the Motion at this time and reserve all rights upon review of the Motion as filed. Defendant Abdul has not appeared and is the subject of this Motion; accordingly, no conference with her was possible.