**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW BARR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN K. BANNON, et al.,<br><br>Defendants. | Case No. 1:26-cv-00452-ACR<br><br>Hon. Ana C. Reyes |

**ORDER**

Plaintiff Andrew Barr moves this Court for alternative service or service by publication of Defendant Sarah Abdul, as well as for an extension of time to effect such service. *See* Dkt. 27. The Court **GRANTS** the Motion with respect to the request to serve by publication and for an extension; and **DENIES**, without prejudice, the request to serve Abdul via a direct message on the application Discord.

Plaintiff has diligently attempted service without success. He made nine efforts to personally serve Abdul at four separate Arizona addresses across four months. *See* Dkt. 27-1 (Haronian Decl.) ¶¶ 9–21. The Declaration attached to Plaintiff's Motion indicates that Abdul "no longer resides at any address associated with her, occupants at those addresses disclaim knowledge of her whereabouts, a building concierge blocked access, and repeated telephone outreach went unanswered." Dkt. 27 at 5; Haronian Decl. ¶¶ 16–21. In addition, Plaintiff has diligently investigated Abdul's whereabouts and alternative contact information, including by conducting a skip trace and accessing various official records. Haronian Decl. ¶¶ 9–21. Plaintiff has

satisfactorily shown that personal service is "impracticable." Ariz. R. Civ. P. 4.1(k)–(*l*); *see Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018).

However, in the Court's view, Plaintiff's proposal to serve Abdul via a direct message on the application Discord is also impracticable and may raise due process concerns—at least on the information Plaintiff has provided. Arizona courts have rejected service via social media except on a showing that the defendant to be served regularly uses a given social media account. *See State ex rel. Dep't of Econ. Sec. v. Pennel*, 551 P.3d 1172, 1176–77 (Ariz. Ct. App. 2024) (discussing a parallel rule for service in the Arizona Rules of Family Law Procedure). In this case, however, the Haronian Declaration sets forth attempts to "access[] the *now-inactive* $FJB/$PPY Discord server, on which Abdul *had been active* under the username 'sundevil28.'" Haronian Decl. ¶ 14 (emphasis added). And notably, Abdul's alleged Discord profile contains no "identifier—such as a telephone number, email address, or physical address—that could help locate her." *Id*. The Declaration otherwise cites to the allegations in the Complaint to suggest Abdul is the user behind "sundevil28." *Id*. But altogether, these pieces of information fall short of demonstrating "regular use and the identity of the [account] user." *Pennel*, 551 P.3d at 1177 (quoting *Doe v. Hyassat*, 337 F.R.D. 12, 16 (S.D.N.Y 2020)). Accordingly, the Court denies without prejudice Plaintiff's request for alternative service under Arizona Rule of Civil Procedure 4.1(k).

"The only remaining alternative method for service is by publication." *Doan v. City of Phoenix*, No. CV-25-01995-PHX-JJT, 2025 WL 2775318, at *2 (D. Ariz. Sept. 27, 2025); *see also State Farm Fire & Cas. Co. v. Perez*, No. CV-25-04479-PHX-DWL, 2026 WL 734273, at *3 (D. Ariz. Mar. 16, 2026); *United States v. Dockstader*, No. CV-25-08139-PCT-KML, 2025 WL 2770889, at *1 (D. Ariz. Sept. 26, 2025); *Blount v. Shark on Land Ent. LLC*, No. CV-19-00403-

TUC-RCC, 2019 WL 13227541, at *1 (D. Ariz. Nov. 13, 2019). Accordingly, the Court authorizes service by publication according to Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(*l*).

This method is "reasonably calculated, under all circumstances, to apprise [Abdul] of the pendency of the action and afford [her] an opportunity to present [her] objections." *See Lepre v. Dep't of Lab.*, 275 F.3d 59, 70 (D.C. Cir. 2001). Further, such service is "the best means practicable in the circumstances for providing [Abdul] with notice," and Plaintiff otherwise meets the requirements of Rule 4.1(*l*)(1).

Therefore, Plaintiff may serve Defendant Abdul by (1) publishing, at least weekly for four successive weeks in a newspaper of general circulation in Maricopa County, Arizona (the county of Abdul's last-known address), the summons and a statement describing how a copy of the Complaint may be obtained; and (2) mailing copies, postage prepaid, to Abdul at 3443 S. Joshua Tree Ln., Gilbert, Arizona; 538 W. Spur Ave., Gilbert, Arizona; and 2463 E. Springfield Pl., Chandler, Arizona. *See* Ariz. R. Civ. P. 4.1(*l*)(2)–(3). Service by publication shall be complete 30 days after the date of first publication. *See* Ariz. R. Civ. P. 4.1(*l*)(2)(D).

Finally, given Plaintiff's diligent but unsuccessful attempts at service, there is good cause for an extension. *See* Fed. R. Civ. P. 4(m). Plaintiff shall serve Abdul on or before September 4, 2026.

**SO ORDERED.**

DATE: July 27, 2026

Ana C. Reyes

HON. ANA C. REYES
United States District Judge