## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW BARR, *et al*., <br><br> *Plaintiff,* <br><br> v. <br><br> STEPHEN K. BANNON, *et al.,* <br><br> *Defendants.* | Civil No. 1:26-cv-00452-ACR |

## DEFENDANTS TWINDS LLC AND BORIS EPSHTEYN'S REQUEST FOR PRE-MOTION CONFERENCE REGARDING A RULE 12(B)(6) MOTION TO DISMISS

This case is an exercise in buyer's remorse. Plaintiff purchased tokens he knew to be speculative, which rose and fell with the volatile cryptocurrency market. The Complaint weakly alleges a variety of grievances about $FJB and $PPY, including Defendants' alleged centralized control over certain aspects of the project, lack of realized "real-world utility," use of transaction fees, and eventual decline. But buyer dissatisfaction of this kind is not actionable. The deficiencies are particularly glaring with respect to Defendants Twinds LLC and Epshteyn (together, "Twinds"), who were not founders of the project, never had control of the project, were minimally involved, and did not profit. Plaintiff inexplicably names almost none of the founders who actually created, marketed, and managed the tokens, and who recruited Twinds to support the project. The Complaint barely pleads anything regarding Twinds, apart from bare conclusions and group pleading, alleging no specific conduct, only a few statements of supposed non-actionable puffery over several years. Accordingly, all claims against Twinds should be dismissed with prejudice.[1]

## I.    Plaintiff's Claims for Unregistered Sale of Securities Are Time-Barred (Counts I, V).

Counts I and V assert liability under 15 U.S.C. § 77l(a)(1) and D.C. Code § 31-5606.05(a)(1)(A) for the unregistered offer and sale of securities. ECF No. 1 ("Compl.") ¶¶ 330–39, 359–67. These statutes impose a one-year statute of limitations that runs from the date of purchase and a three-year statute of repose that runs from the date of offering to the public. 15 U.S.C. § 77m; D.C. Code § 31-5606.05(f)(1). Plaintiff alleges he purchased $FJB (and possibly $PPY) between December 27, 2021, and February 1, 2025, but he filed suit on February 12, 2026—more than one year after his last purchase. *See* Compl., Sched. A. Plaintiff also alleges that Defendants offered $FJB to the public more than four years before he filed suit. Compl. ¶¶ 2, 34. Counts I and V are time-barred and should be dismissed with prejudice.

---

[1] Twinds reserve the right to pursue any available relief pursuant to Fed. R. Civ. P. 12(b)(6).

**II.     Plaintiff Does Not Plausibly Plead That $FJB or $PPY Is a Security (Counts I–VII).**

Counts I through VII assert claims under federal and D.C. securities laws.  Compl. ¶¶ 330–79.  But Plaintiff fails to plead facts plausibly establishing that either $FJB or $PPY is a security.  Tokens are not securities *per se*.  Rather, a token is a security only if it is sold as part of an "investment contract."  15 U.S.C. § 77b(a)(1); D.C. Code § 31-5601.01(31).  An investment contract requires (1) an investment of money, (2) in a common enterprise, (3) with a reasonable expectation of profits, (4) to be derived from the efforts of others.  *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298–99 (1946).  A token divorced from the promises that accompanied its initial offering is not itself a security, and Plaintiff pleads no facts establishing commonality or an expectation of profits to be derived from the efforts of others.  *See SEC v. Binance Holdings Ltd.*, 738 F. Supp. 3d 20, 43–44, 56–57 (D.D.C. 2024); *Azad v. Jenner*, No. 2:24-CV-09768, 2026 WL 1084840, at *6 (C.D. Cal. Apr. 16, 2026).  Plaintiff's failure to plead that either $FJB or $PPY is a security requires dismissal of Counts I through VII with prejudice.

**III.    Plaintiff Fails to Plead Required Elements of His Securities Fraud, Common Law Fraud, and Negligent Misrepresentation Claims (Counts II, VI, VIII–X).**

Plaintiff's securities fraud claim requires him to plead with particularity (1) a material misrepresentation or omission, (2) scienter, (3) reliance, (4) economic loss, and (5) loss causation.  *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809–10 (2011).  Common law fraud requires similar elements: (1) a material misrepresentation or omission, (2) knowledge of its falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damages.  *See George v. First Am. Title Ins. Co.*, No. 23-CV-3504, 2025 WL 2761895, at *3 (D.D.C. Sept. 29, 2025).  Negligent misrepresentation requires substantially the same elements, but does not require knowledge of falsity.  *Jacobson v. Hofgard*, 168 F. Supp. 3d 187, 206 (D.D.C. 2016).  Plaintiff's claim under the Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901

et seq., requires him to plead a deceptive practice or misrepresentation and a resulting injury. *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 191–92 (2d Cir. 2020) (applying D.C. law). Each of these claims is subject to the heightened pleading standard of Rule 9(b). The federal securities fraud claims are also subject to the PSLRA, 15 U.S.C. § 78u-4(b).

The Complaint is an impermissible puzzle pleading that violates Rule 8(a), indiscriminately mixing hundreds of factual allegations with generalized legal theories. Vitally, Plaintiff fails to allege the required elements of fraud and misrepresentation. He fails to even allege a material misrepresentation or omission by Twinds, improperly relying instead on statements by others, group pleading, statements not alleged to have been false when made, and claimed omissions unaccompanied by any duty to disclose. He also fails to allege that Twinds knew of any alleged falsity or intended to induce reliance. Nor does he allege that he relied on any specific statement or omission in trading. And he does not plausibly allege economic loss, attaching only an opaque spreadsheet of trades. Finally, Plaintiff fails to plead loss causation. He does not connect any alleged misstatement to a disclosure that "revealed" the purported "truth," nor does he account for the prior public disclosure of many of the relevant facts. Instead, he summarily alleges that "inflation" in the tokens' price dissipated.

Plaintiff's claims are also barred by the applicable statutes of limitations and repose. *See* 28 U.S.C. § 1658(b); D.C. Code § 31-5606.05(f); D.C. Code § 12-301. Many of Plaintiff's claims rest on alleged misrepresentations whose "truth" was publicly discoverable years ago, and thus the three-year statute of repose requires dismissal with prejudice.

## IV.    Plaintiff Fails to Plead Control Person Liability (Counts III, IV, VIII).

Control person liability is derivative: a person who controls a primary violator may be held jointly and severally liable only if a primary violation is adequately pleaded. 15 U.S.C. §§ 77o, 78t; D.C. Code § 31-5606.05(c). Plaintiff fails to plead a primary violation, so his control person

claims fail.  Plaintiff also pleads only that *all* "Executive Defendants" are control persons of all "Entity Defendants".  Compl. at 1, ¶¶ 351–58, 376–79.  That undifferentiated group pleading—asserting control liability, which cannot apply to Twinds who never controlled the project, against every individual for alleged violations by every entity—falls far short and mandates dismissal.

### V.      Plaintiff Fails to State a CPPA Claim for Additional Reasons (Count VIII).

The CPPA reaches only consumer transactions and excludes any person who acquires goods "for purposes of resale," D.C. Code § 28-3901(a)(2)(A). Courts have held that consumer protection statutes do not reach transactions in securities, *see In re FTX Cryptocurrency Exch. Collapse Litig.*, 781 F. Supp. 3d 1324, 1346 (S.D. Fla. 2025).  Plaintiff alleges both that the Tokens are securities and that he purchased them for resale, which forecloses his CPPA claim.  Separately, Twinds' alleged ancillary involvement does not render them "merchants" subject to the CPPA. *See Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 279–80 (D.D.C. 2011).

### VI.      Plaintiff Fails to State a Claim for Breach of Fiduciary Duty (Count XI).

A contractual or commercial relationship does not, alone, create a duty.  *See Rayner v. Yale Steam Laundry Condo. Ass'n*, 289 A.3d 387, 399 (D.C. 2023).  Defendants' alleged control over the $FJB/$PPY ecosystem—which is not alleged as to Twinds, is precisely the sort of commercial arrangement that courts have declined to treat as fiduciary.  *See Moen v. SocialChain Inc.*, No. 25-CV-09145-NC, 2026 WL 1329834, at *5–6 (N.D. Cal. May 13, 2026) (cryptocurrency issuer did not owe fiduciary duties to token holders).

### VII.      Plaintiff Fails to State a Claim for Unjust Enrichment (Count XII).

Plaintiff's unjust enrichment claim should be dismissed as duplicative because it is pleaded in only conclusory terms and rests on the same allegations that underlie his other claims.  *See Ratchford v. Café Dupont, LLC*, No. 24-CV-2062, 2025 WL 2374501, at *2 (D.D.C. Aug. 14, 2025).  Further, Twinds did not profit.

Dated:  August 4, 2026                         By: */s/ Michael J. Walsh, Jr.*

Michael J. Walsh, Jr. (D.C. Bar No. 483296)
DLA Piper LLP (US)
500 Eighth Street NW
Washington, DC 20004-2131
Tel: 202.799.4824
Email: Mike.Walsh@us.dlapiper.com

Caryn G. Schechtman (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel: 212.335.4500
Email: Caryn.Schechtman@us.dlapiper.com

Eric Forni (corrected *pro hac vice* forthcoming)
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel: 617.406.6000
Email: Eric.Forni@us.dlapiper.com

Michael J. Fluhr (admitted *pro hac vice*)
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.615.6011
Email: Michael.Fluhr@us.dlapiper.com

Eric Cheung Hall (D.C. Bar No. 1617715)
DLA Piper LLP (US)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4735
Tel: 310.595.3000
Email: Eric.Hall@us.dlapiper.com

*Attorneys for Defendants*
*Boris Epshteyn and Twinds LLC*

-5-

-6-

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on today's date a copy of Defendants Twinds LLC and Boris Epshteyn's Request for a Pre-Motion Conference Regarding a Rule 12(b)(6) Motion to Dismiss was served via the Court's CM/ECF system on registered parties and counsel.

*/s/ Michael J. Walsh, Jr.*
Michael J. Walsh, Jr. (D.C. Bar No. 483296)